This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 33,071**

**AARON RAMOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Jerry H. Ritter Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant, Aaron Ramos, appeals from his conviction for resisting, evading or obstructing an officer. [RP Vol.1, 1, RP Vol. 2, 411, RP Vol. 4, 824] He contends that the evidence was insufficient to support his conviction and that the district court erred in failing to instruct the jury regarding the definition of abuse. [DS 3] We issued a notice proposing to summarily affirm and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and affirm.

In our notice, we proposed to conclude that the evidence was sufficient to support Defendant's conviction. In his memorandum in opposition, Defendant continues to argue that there was insufficient evidence that he resisted or abused an officer, which is a required element of the offense. [MIO 4, RP Vol. 2, 417] He acknowledges, however, that he refused to be photographed or fingerprinted at the police station and instead threw himself onto the floor. [MIO 4] We conclude that this conduct was sufficient to constitute resistance and, to the extent that there was conflicting testimony, we defer to the jury's verdict. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 ("We defer to the [fact finder] when it weighs the credibility of witnesses and resolves conflicts in witness testimony.").

In our notice, we also proposed to conclude that the district court did not commit fundamental error by failing to provide a substantive response to the jury's question regarding the definition of abusing an officer. Defendant does not dispute

that our review is only for fundamental error, but argues that the district court committed fundamental error because "the evidence showed only that [Defendant] peacefully protested [the officer's] attempt to book him post-arrest." [MIO 5, 6] He claims that "because he did not physically resist [the officer], the jury must necessarily have found that he abused [the officer]." [MIO 6] We disagree with Defendant's assessment.

The jury was instructed that to find Defendant guilty of resisting, evading or obstructing an officer, the State had to prove, among other things, that Defendant "resisted or abused [the officer] in the lawful discharge of [his] duties[.]" [RP Vol. 2, 417] This is consistent with the statutory definition of the offense. *See* NMSA 1978, § 30-22-1(D) (1981). In *State v. Wade*, we explained that the offense consists primarily of physical acts of resistance, but that the reference to "abuse" reflects an intent to also prohibit certain types of speech. 1983-NMCA-084, ¶¶ 6-7, 100 N.M. 152, 667 P.2d 459. As discussed above, we have already concluded that there was sufficient evidence that Defendant physically resisted an officer by refusing to be photographed or fingerprinted and throwing himself on the floor. In light of this evidence, we perceive no error, let alone fundamental error, in the district court's refusal to define the word abuse.

For the reasons discussed above and in our previous notice, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**LINDA M. VANZI, Judge**